UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| James Drummond,<br><br>    Plaintiff,<br> v.<br><br>Accounts Receivable Management, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, James Drummond, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, James Drummond ("Plaintiff"), is an adult individual residing in Ft Washington, MD, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Accounts Receivable Management, Inc. ("Accounts"), is a New Jersey business entity with an address of 155 Mid Atlantic Parkway, Thorofare New Jersey 08086, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Accounts and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Accounts at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Bank of America (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Accounts for collection, or Accounts was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Accounts Engages in Harassment and Abusive Tactics

12. The Defendants placed calls to Plaintiff in an attempt to collect a debt.

13. The Defendants failed to properly identify themselves when speaking to Plaintiff.

14. The Defendants failed to inform the Plaintiff of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the debt.

15. The Defendants placed calls to Plaintiff, claiming to be the original creditor, Bank of America, for some credit card debt.

16. The Defendants failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendants used a name other than the true name of the debt collection agency.

23. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

26. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or

   negligent FDCPA violations and intentional, reckless, and/or negligent

   invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

   **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 18, 2011

        Respectfully submitted,

        By  /s/ Forrest E. Mays_____

        Forrest E. Mays (Bar No. 07510)
        1783 Forest Drive, Suite 109
        Annapolis, MD  21401
        Telephone: (410) 267-6297
        Facsimile: (410) 267-6234
        Email: mayslaw@mac.com

        Of Counsel To
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (877) 795-3666
        ATTORNEYS FOR PLAINTIFF